1

2

3

4

5                          UNITED STATES DISTRICT COURT
                           EASTERN DISTRICT OF WASHINGTON
6

7   PETER ERIKSEN, a single man;
    and MARY ERIKSEN, a single            NO. CV-09-82-EFS
8   woman,

9                   Plaintiffs,           **ORDER GRANTING DEFENDANTS'**
                                          **MOTIONS TO DISMISS**
10            v.

11  RONAL SERPAS, Washington
    State Patrol Chief; KITTITAS
12  COUNTY, a Municipal
    Corporation; and CITY OF CLE
13  ELUM, a Municipal
    Corporation, et. al.,
14
                    Defendants.
15

16
         In March 2009, Plaintiffs Peter and Mary Eriksen sued Defendants for
17
    various constitutional violations arising from a June 24, 2002 traffic
18
    stop near Cle Elum, Washington.   Defendants insist that Plaintiffs'
19
    claims are barred not only by Washington's three-year statute of
20
    limitations, but also by the doctrines of res judicata, collateral
21
    estoppel, and law of the case.   (Ct. Recs. 20, 24, & 27.)  After review,[1]
22
    the Court agrees and finds that Washington's three-year statute of
23
    limitations bars Plaintiffs' action for the reasons set forth below.
24

25       [1]The Court finds this matter suitable for disposition without oral
26  argument.  *See* LR 7.1(h)(3).

ORDER ~ 1

# I. Background

On June 24, 2002, Defendants Paul Woodside and David Snyder, both Washington State Troopers, pulled over Plaintiffs near Cle Elum for allegedly failing to signal. After a brief exchange, Defendants purportedly sprayed Plaintiff Peter Eriksen with pepper spray without provocation. A struggle ensued. Backup was called. Before being arrested, Plaintiff Peter Eriksen alleges that Defendants had 1) discharged two (2) full cans of pepper spray in his face, 2) pointed a loaded weapon at his head, 3) shattered his driver-side window with a night stick, 4) verbally threatened him, and 5) slammed him to the pavement, resulting in broken ribs, neck injuries, and abrasions to his face, knee, and arms.

Plaintiffs initially filed suit against Defendants for various alleged state and constitutional violations on June 24, 2005, in the Eastern District of Washington. *See Eriksen, et. al. v. Wash. State Patrol, et. al.*, CV-05-195-LRS.[2] After review, the Honorable Lonny R. Suko dismissed Plaintiffs' action *with prejudice* based on 1) insufficient service under Federal Rule of Civil Procedure 4(m), 2) expiration of the statute of limitations, and 3) Eleventh Amendment immunity (with respect to the state defendants). The Ninth Circuit affirmed the dismissal in part, but vacated the district court's decision regarding 1) the statute

---

[2]A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).

ORDER ~ 2

of limitations' expiration[3] and 2) dismissing Plaintiffs' 42 U.S.C. § 1983 claims against select defendants *with* prejudice. *Eriksen*, 308 Fed. Appx. at 200. In February 2009, consistent with the Ninth Circuit's mandate, the district court amended its prior order and dismissed Plaintiffs' section 1983 claims against select defendants *without* prejudice. (Ct. Rec. 39, Ex. D.)

Plaintiffs took no further action in *Eriksen v. Washington State Patrol*, CV-05-195-LRS; instead, they filed the above-captioned matter on March 16, 2009. In lieu of answering Plaintiffs' Complaint (Ct. Rec. 5), Defendants filed the Federal Rule of Civil Procedure 12(b) dismissal motions now before the Court. (Ct. Recs. 20, 24, & 27.)[4]

## II. Discussion

### A.   Rule 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief

---

[3]Specifically, the Ninth Circuit held that Plaintiffs did not run afoul of Washington's three-year statute of limitations because they constructively filed their complaint on June 24, 2005 - the exact three-year mark - by delivering it to the clerk. *Eriksen v. Wash. State Patrol*, 308 Fed. Appx. 199, 200 (9th Cir. 2009).

[4]There are three (3) dismissal motions because Defendants are separately represented. The distinction is irrelevant, however, because the requested relief in each motion is identical.

ORDER ~ 3

above the speculative level.  *Bell Atl. v. Twombly*, 550 U.S. 544, 555
(2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009).  Conversely,
a complaint may not be dismissed for failure to state a claim where the
allegations plausibly show that the pleader is entitled to relief.  *Id.*
In ruling on a motion pursuant to Rule 12(b)(6), a court must construe
the pleadings in the light most favorable to the plaintiff, and must
accept all material factual allegations in the complaint, as well as any
reasonable inferences drawn therefrom.  *Broam v. Bogan*, 320 F.3d 1023,
1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir.
1996).  Motions to dismiss are viewed with disfavor and are rarely
granted.  *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986).

**B.   Statute of Limitations**

Defendants argue that Plaintiffs' claims are barred by Washington's
three-year statute of limitations.  (Ct. Rec. 21 at 3.)  Plaintiffs
insists that Washington's statute of limitations is inapplicable because
they timely filed the above-captioned matter within ten (10) "court days"
of Judge Suko's Amended Order.  (Ct. Rec. 39 at 5.)[5]

A Rule 12(b)(6) dismissal motion based on a statute of limitations
expiration is properly granted only when "it appears beyond doubt that
the plaintiff can prove no set of facts that would establish the
timeliness of the claim."  *Supermail Cargo, Inc. v. United States*, 68
F.3d 1204, 1206 (9th Cir. 1995); *see also Jablon v. Dean Witter & Co.*,

---

[5]The Court notes in passing that, in fact, eleven (11) "court days"
passed between the February 27, 2009 Judgment in CV-05-195-LRS and the
March 16, 2009 Complaint here.

ORDER ~ 4

614 F.2d 677, 682 (9th Cir. 1980).  When calculating the applicable statute of limitations period for a section 1983 action, a district court uses the applicable state's statute of limitations period for an analogous cause of action - in Washington, it is three (3) years.  *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (citing RCW 4.16.080(2)).  The three-year statute of limitations period begins to run when the plaintiff "knows or has reason to know of the injury which is the basis of the action."  *Id.*

Here, Plaintiffs' claims are barred by Washington's three-year statute of limitations.  At the earliest, Plaintiffs knew of their injuries in June of 2002 when the allegedly improper traffic stop occurred; at the latest, Plaintiffs knew of their injuries in June of 2005 when they filed their first lawsuit in the Eastern District of Washington based on the traffic stop.  Either way, well over three (3) years passed before Plaintiffs initiated this action in March 2009.

Plaintiffs insist that the Ninth Circuit's recent mandate in *Eriksen v. Washington State Patrol*, CV-05-195-LRS, directing the district court to dismiss Plaintiffs' section 1983 claims against select defendants *without* prejudice somehow tolled the statute of limitations.  Plaintiffs are mistaken.  "'Without prejudice' does not mean 'without consequence.' If [a] case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations."  *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir. 1989); *Gartin v. Par Pharmaceutical Companies, Inc.*, 561 F. Supp.2d 670, 682 (E.D. Tex. 2007) ("A Rule 4(m) dismissal is a dismissal without prejudice . . . .  The 'without prejudice' condition permits a plaintiff to refile the complaint as if it had never been filed.  A Rule 4(m)

dismissal does not, however, give the plaintiff a right to refile without the consequences of time defenses, such as the statute of limitations.). Given that Plaintiffs' new suit must also satisfy Washington's three-year statute of limitations (and it cannot), dismissal is appropriate.

**C.    Sanctions**

In addition to dismissal, Defendants ask the Court to 1) sanction Plaintiffs under Rule 11 because this action is "patently frivolous," and 2) impose a filing bar.  (Ct. Rec. 45 at 9.)

With respect to Rule 11, the Court declines to award sanctions because Plaintiffs were likely unaware, given their *pro se* status, that their newly-filed action ran afoul of Washington's three-year statute of limitations.  For the same reasons, the Court also declines to institute a filing bar because Plaintiffs' conduct, while causing Defendants to expend significant attorneys' fees, cannot be considered a "flagrant abuse of judicial process." *Molski v. Evergreen Dynasty*, 500 F.3d 1047, 1057 (9th Cir. 2007).

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants Brennen Milloy, City of Cle Elum, and its unidentified agents' Motion to Dismiss **(Ct. Rec. 20)** is **GRANTED;**

2. Defendants Ronal Serpas, William Larson, Paul Woodside, David Snyder, David Standish, and John Koch's Motion to Dismiss **(Ct. Rec. 24)** is **GRANTED;**

3. Defendants Kittitas County, Gene Dana, James Woody, Steve Panatonni, and Mark Rickey's Motion to Dismiss **(Ct. Rec. 27)** is **GRANTED;**

ORDER ~ 6

1      4. Plaintiffs' Complaint (Ct. Rec. 5) is **DISMISSED with prejudice**

2    and without leave to amend;

3      5. All pending hearing and trial dates are **stricken;**

4      6. All pending motions are **denied as moot;**

5      7. **Judgment** shall be entered in Defendants' favor; and

6      8. This file shall be **closed.**

7      **IT IS SO ORDERED.**  The District Court Executive is directed to enter

8    this Order and to provide copies to Plaintiffs and counsel.

9      **DATED** this ____3rd____ day of August 2009.

10
                                    S/ Edward F. Shea
11                                 _____
                                    EDWARD F. SHEA
12                                 United States District Judge

     Q:\Civil\2009\82.Dismiss.wpd
13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ~ 7