UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PETER ERIKSEN, a single man; and MARY ERIKSEN, a single woman,<br><br>           Plaintiffs,<br><br>     v.<br><br>RONAL SERPAS, Washington State Patrol Chief; KITTITAS COUNTY, a Municipal Corporation; and CITY OF CLE ELUM, a Municipal Corporation, et. al.,<br><br>           Defendants. | NO. CV-09-82-EFS<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO VACATE** |

Before the Court is Plaintiffs' Motion to Vacate this Court's judgment in favor of Defendants. (Ct. Recs. 52, 53). Defendants oppose this motion, arguing that it is procedurally flawed and does not state valid grounds to vacate the judgment. After review,[1] the Court finds that Plaintiffs' motion was not timely filed and does not set forth valid grounds to vacate the Court's earlier judgment.

---

[1] The Court finds this matter suitable for disposition without oral argument. *See* LR 7.1(h)(3).

ORDER ~ 1

## I. Background

The claims underlying this motion arose out of injuries alleged to have occurred during a June 2002 traffic stop. Plaintiffs initially filed suit against Defendants on June 24, 2005, in the Eastern District of Washington. *See Eriksen, et. al. v. Wash. State Patrol, et. al.*, CV-05-195-LRS.[2] After review, the Honorable Lonny R. Suko dismissed Plaintiffs' action *with prejudice* based on 1) insufficient service under Federal Rule of Civil Procedure 4(m), 2) expiration of the statute of limitations, and 3) Eleventh Amendment immunity (with respect to the state defendants). The Ninth Circuit affirmed the dismissal in part. But it vacated the district court's decision regarding the statute of limitations[3] and dismissal of Plaintiffs' 42 U.S.C. § 1983 claims against select defendants *with* prejudice. *Eriksen*, 308 Fed. Appx. at 200. In February 2009, consistent with the Ninth Circuit's mandate, the district court amended its prior order and dismissed Plaintiffs' section 1983

---

[2] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).

[3] Specifically, the Ninth Circuit held that Plaintiffs were not barred by Washington's three-year statute of limitations because they constructively filed their complaint on June 24, 2005 - the exact three-year mark - by delivering it to the clerk. *Eriksen v. Wash. State Patrol*, 308 Fed. Appx. 199, 200 (9th Cir. 2009).

ORDER ~ 2

claims against select defendants *without* prejudice. (Ct. Rec. 39, Ex. D.)

Plaintiffs took no further action in *Eriksen v. Washington State Patrol*, CV-05-195-LRS. Instead, they filed the above-captioned matter on March 16, 2009. Defendants filed motions to dismiss, (Ct. Recs. 20, 24, 27) which this Court granted because Plaintiffs' claims were barred by the statute of limitations. (Ct. Rec. 51). On August 3, 2009, judgment was entered in favor of Defendants. (Ct. Rec. 52).

## II. Discussion

### A.   Timeliness of Plaintiffs' Motion

A motion to vacate a judgment is treated as a Rule 59(e) motion for amendment or alteration of judgment. *Foman v. Davis*, 371 U.S. 178, 181 (1962); *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1415 (9th Cir. 1995). A Rule 59(e) motion must be filed no later than ten (10) days after entry of the judgment. FED. R. CIV. P. 59(e).

In this case, judgment was entered in favor of Defendants on August 3, 2009. Plaintiffs did not file the Motion under consideration until August 17, 2009, more than ten days later. Accordingly, this Motion is time-barred.

### B.   Plaintiffs' Substantive Arguments

#### 1.   Administrator's Order was Improper

Plaintiffs argue first that the Case Administrator lacked the authority to enter judgment against them, because an Article III judge must make the decision to dismiss a case. (Ct. Rec. 54 at 2).

This argument reflects a misunderstanding. This Court granted Defendants' Motions to Dismiss on August 3, 2009. (Ct. Rec. 51). The

ORDER ~ 3

Case Administrator simply issued the judgment that the Court already decided. (Ct. Rec. 52). Therefore, this argument is meritless.

### 2. Order Erroneously Denied Plaintiffs Opportunity to Amend

Next, Plaintiffs assert that the Court erred by not providing them an opportunity to amend their complaint. (Ct. Rec. 54 at 2). This assertion also is incorrect, because the Court decided that the statute of limitations bars the claim entirely. When the statute of limitations bars a claim, the court need not grant leave to amend because any amendment would be futile: the statute of limitations would still bar the claim, regardless of any additional facts Plaintiffs may plead. *See Sackett v. Beaman*, 399 F.2d 884, 892 (9th Cir. 1968).

### 3. Prejudice Against Plaintiffs

Additionally, Plaintiffs argue that the Court is biased against them. As evidence of this bias, Plaintiffs assert that their complaint has been dismissed twice, and that the most recent dismissal denied leave to amend. (Ct. Rec. 54 at 2). The fact that Plaintiffs' legal arguments were not accepted does not establish bias against them, however. Furthermore, as stated above, the Court did not have to grant leave to amend because the statute of limitations had run and amendment would have been futile.

### 4. Decision Without Oral Argument

Finally, Plaintiffs contend that their due process rights were violated because the motion to dismiss was decided without oral argument. (Ct. Rec. 54 at 3). But when a litigant has the opportunity to make allegations in documents filed before a hearing, there is no prejudice to the litigant if the court makes a decision without oral argument. *See*

ORDER ~ 4

*Spradlin v. Lear Siegler Mgmt. Servs. Co., Inc.*, 926 F.2d 865, 869 (9th Cir. 1991). Moreover, the Court has discretion to allow oral argument or not. *See* LR 7.1(h)(3).

Accordingly, Plaintiffs have not provided valid grounds to vacate the judgment.

**C.  Sanctions**

Defendants renew their previous request to the Court to sanction Plaintiffs under Rule 11 and to impose a filing bar because this action is "patently frivolous." (Ct. Rec. 56 at 8-9).

The Court declines to impose Rule 11 sanctions. Given Plaintiffs' *pro se* status, the Court considers their motions to be the result of misinterpretations of the law. For the same reasons, the Court also declines to institute a filing bar because Plaintiffs' conduct, although causing Defendants to expend significant attorneys' fees, cannot be considered a "flagrant abuse of judicial process." *Molski v. Evergreen Dynasty*, 500 F.3d 1047, 1057 (9th Cir. 2007). Plaintiffs had some basis, however mistaken, for this motion, and it is not suggested that the claims were filed solely for the purpose of harassment.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Vacate is **DENIED**.

///

///

///

ORDER ~ 5

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to Plaintiffs and counsel.

**DATED** this ___24th___ day of August 2009.

            S/ Edward F. Shea
              EDWARD F. SHEA
        United States District Judge

Q:\Civil\2009\82.Vacate.wpd

ORDER ~ 6